**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION**

| | |
|---|---|
| THEA DE JESUS FIGUEROA, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>TRUEBLUE, INC., and PEOPLESCOUT, INC.<br><br>Defendants. | No.<br><br>**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Thea De Jesus Figueroa ("Plaintiff" or "De Jesus Figueroa"), individually and on behalf of all others similarly situated, files this Complaint against Defendants TrueBlue, Inc. and PeopleScout, Inc. ("Defendants").

### I.    NATURE OF ACTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek.

2. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all

hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.    THE PARTIES

**A.    Plaintiff Thea De Jesus Figueroa**

4. Plaintiff is an individual residing in Collin County, Texas. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendants on or about May 11, 2021. Plaintiff is a current employee.

6. At all times relevant, Plaintiff was paid on an hourly basis of approximately $33.00-$34.66 per hour.

7. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.    Collective Action Members**

8. The putative Collective Action Members are all current or former employees of Defendants who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendants did not pay all overtime premium compensation due to their employees who routinely worked more than 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.     Defendant TrueBlue, Inc.**

10.    Defendant TrueBlue, Inc. is a corporation organized under the laws of the State of Washington.

11.    At all times relevant to this lawsuit, Defendant has done business in the State of Washington.

12.    Defendant's principal place of business as listed with the Washington Secretary of State is 1015 A Street; Tacoma, Washington 98402-5122.

13.    At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

14.    At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

15.    At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

16.    Defendant employed two or more employees who regularly engaged in commerce in their daily work.

17.    Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

18.    At all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.00.

19.    At all times relevant, Defendant is and has been an "employer" and/or "joint employer" of Plaintiff and the class/collective action members.

20. Defendant may be served with summons through its registered agent Corporation Service Company at 300 Deschutes Way SW, Suite 208 MC-CSC1; Tumwater, Washington 98501.

**D.  Defendant PeopleScout, Inc.**

21. Defendant PeopleScout, Inc. is a corporation organized under the laws of the State of Delaware.

22. At all times relevant to this lawsuit, Defendant has done business in the State of Washington.

23. Defendant's principal place of business as listed with the Washington Secretary of State is 433 W Van Buren Street, Suite 400S-1,2,A; Chicago, IL, 60607-0433.

24. According to SEC filings, PeopleScout, Inc. is or has been a subsidiary of TrueBlue, Inc.

25. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

26. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

27. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

28. Defendant employed two or more employees who regularly engaged in commerce in their daily work.

29. Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

30. At all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.00.

31. At all times relevant, Defendant is and has been an "employer" and/or "joint employer" of Plaintiff and the class/collective action members.

32. Defendant may be served with summons through its registered agent Corporation Service Company at 300 Deschutes Way SW, Suite 208 MC-CSC1; Tumwater, Washington 98501.

### III.   JURISDICTION AND VENUE

33. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

34. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts, namely, the loss of wages suffered by Plaintiff and class members as a result of Defendants; policy and or practice of illegally requiring them to work "off-the-clock."

35. The United States District Court for the Western District of Washington has personal jurisdiction over Defendants because Defendants do business in Washington and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Washington and in this District.

36. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV.  FACTUAL BACKGROUND

37. Plaintiff is employed by Defendants as a recruiter. At times relevant, Defendants have employed hundreds of recruiters like Plaintiff across the nation. Plaintiff began working for Defendants on or about May 17, 2021, as a part-time/flex recruiter. Plaintiff became a full-time employee on July 13, 2021. Plaintiff performs her job duties remotely from her home in Texas. At the time of her hire, Defendants agreed to pay Plaintiff for her work at the rate of approximately $33.00 per hour, but Plaintiff received routine raises and now earns approximately $35.69 per hour.

38. Plaintiff and Defendants formed an enforceable agreement that all of her hours of work would be paid at the agreed upon rate. Specifically, in her offer letter, Defendants specified that Plaintiff might be responsible to work "outside [her] set schedule to meet specific deadlines and to complete [her] responsibilities," but Defendants never specified that such work would be performed without the agreed upon hourly compensation, or at a different rate of pay. Plaintiff agreed to the terms set out by Defendants and performed the duties specified by Defendants in exchange for the agreed upon compensation.

39. Plaintiff's job duties initially entailed recruiting for roles at a Sysco Foods location in Maryland. In Plaintiff's job description, Defendants list among Plaintiff's responsibilities: "heavy client facing responsibilities including managing daily information/candidate data tracking, providing information to the client as needed, resolving problems, participating in client meetings, and maintain[ing] a high level of customer retention and satisfaction" and "source, recruit, screen, interview and assess

high volumes of candidates that exceed the client's needs and expectations (30-40 each week on average)."

40. On information and belief, Defendants engaged in a reduction-in-force of their recruiting staff, so now Plaintiff and similarly situated workers are responsible for recruiting for multiple locations, in Plaintiff's case, between six and seven locations across the country. Nonetheless, Defendants have not increased Plaintiff's working hours. Rather, Defendants simply asked Plaintiff to do more work while requiring her to reduce her *reported* hours, oftentimes to no more than 32 hours in a given week.

41. Plaintiff on several occasions reported to her manager that it was impossible to complete her workload in a 32-hour workweek, and that she was often required to work over 40 hours per workweek for Defendants. Defendants encouraged, promoted, or required her to underreport her hours of work. Defendants were aware that Plaintiff was working without compensation and accepted the value of her work without pay. On information and belief, Defendants maintained software tracking Plaintiffs' browser history and/or payroll punches which reflected her actual hours of work, but Defendants never paid her for all those hours of work.

42. At times, Defendants' agents directly ordered recruiters similarly situated to Plaintiff to falsify their recorded hours of work. For instance, on February 25, 2025, a manager told Opt-in Plaintiff Victoria Vargas: "Hi Victoria. Please address your time card ASAP today. It didn't have the right hours on it – had 33.50 instead of 32. Thanks."

43. Plaintiff routinely worked over forty hours per week, but was not paid for all of her hours worked. For instance, in the pay period of January 6-19, 2025, Plaintiff worked 83.08 hours, including 3.28 overtime hours, but Defendants only compensated Plaintiff for 70 hours of work.

44. Plaintiff is aware that this expectation for recruiters to perform work "off-the-clock" impacted her as well as a group of similarly situated employees who were not paid for all hours of work at their contracted for hourly rate, nor for overtime hours worked at the rate of time and one-half their respective regular rates of pay.

## V. FLSA CLAIMS FOR OVERTIME PAY

45. At all relevant times, Defendants were eligible and covered employers under the FLSA. *See* 29 U.S.C. § 203(d).

46. At all times relevant to this lawsuit, Defendants have been and are enterprises engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

47. Plaintiff and putative Collective Action Members are/were employees of Defendants pursuant to the FLSA. 29 U.S.C. § 203(e).

48. Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

49. At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendants.

50. Defendants were required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

51. Defendants failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

52. Defendants failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members,

individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

53. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

54. Defendants' violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

55. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

56. Plaintiff and putative Collective Action Members seek all damages available for Defendants' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.  COLLECTIVE ACTION CLAIMS

57. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

58. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendants who did not receive overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

59. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy and did not receive all overtime premium pay due for all hours worked over forty in each seven-day workweek.

60. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

61. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

62. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

63. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

64. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

65. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   TEXAS STATE LAW CLAIMS:
### BREACH OF CONTRACT, QUANTUM MERUIT, UNJUST ENRICHMENT

A. **Breach of Contract**

66. A valid contract existing between Plaintiff and/or the Class Members on the one hand and Defendants on the other hand required Defendants to pay for all hours of work less than 40 per week at a specified hourly rate in exchange for Plaintiff

and the Class Members' services. Plaintiff and the Class Members performed all duties required under that contract to earn such hourly pay.

67. Defendants were contractually obligated to pay Plaintiff and the Class Members for all hours of work at the agreed upon hourly rate.

68. Defendants failed to pay Plaintiff and the Class Members for all hours of work at the agreed upon hourly rate because Defendants failed to pay Plaintiff and the Class Members for purported "meal periods" during which they were not fully relieved of all duties and during which they performed work.

69. Defendants breached their contractual obligation to pay all hours of work at the specified hourly rate.

70. Defendants are liable to Plaintiff and the Class Members for all damages available at law due to their breach of its contractual obligations under the contract between Plaintiff and/or the Class Members on the one hand and Defendants on the other hand.

**B.  Quantum Meruit**

71. Pleading in the alternative, if the contract between Plaintiff and/or the Class Members on the one hand and Defendants on the other hand is found to be unenforceable, Plaintiff and the Class Members seek relief under the common law doctrine of quantum meruit.

72. Quantum meruit is an equitable remedy based on the promise implied by law to pay for beneficial services rendered and knowingly accepted. *Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex. 1990). To recover under quantum meruit, it must be established that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by

him; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 917 (Tex. App. Dallas 2008) (citing *Vortt,* 787 S.W.2d at 944; *Bashfara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)).

73. At all relevant times, Defendants agreed to and were required to compensate Plaintiff and the Class Members at a specified hourly rate for all hours of work completed on Defendants' behalf.

74. Defendants requested and/or knowingly accepted valuable services and labor from Plaintiff and the Class Members which benefited Defendants and for which a reasonable person would have expected Defendants to pay. Plaintiff and the Class Members provided services and labor with the reasonable expectation of receiving compensation from Defendants.

75. Defendants have failed to properly compensate Plaintiff and the Class Members for the valuable services and labor they performed during supposed "meal periods" for Defendants' benefit.

76. Defendants have been unjustly enriched at the expense of Plaintiff and the Class Members.

77. It would be unjust for Defendants to retain the benefit of Plaintiff and the Class Members' efforts without compensation.

78. Defendants are liable to Plaintiff and the Class Members for damages caused by its failure to compensate them for their valuable services and labor on Defendants' behalf.

### C. Money Had and Received

79. Pleading in the alternative, if the contract between Plaintiff and/or the Class Members on the one hand and Defendants on the other hand is found to be unenforceable, Plaintiff and the Class Members seek relief under the common law doctrine of money had and received.

80. "Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another." *H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App. Fort Worth 2012, no pet. h.) (*citing Staats v. Miller*, 243 S.W.2d 686, 687 (1951); *Everett v. TK-Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex. App.—Fort Worth 2005, no pet.); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ) (stating that cause of action for money had and received belongs conceptually to doctrine of unjust enrichment)). To succeed in a claim for money had and received, it must be shown that the defendant holds money or its equivalent that, in equity and good conscience, belongs to the plaintiff. *Best Buy v. Barrera,* 248 S.W.3d 160, 162-163 (Tex. 2007) (per curiam); *MGA Ins. Co. v. Charles R. Chesnutt, P.C.,* 358 S.W.3d 808, 813 (Tex. App.--Dallas 2012, no pet. h.). The cause of action for money had and received is "less restricted and fettered by technical rules and formalities than any other form of action. It aims at the abstract justice of the case, and looks solely to the inquiry, whether the defendant holds money, which … belongs to the plaintiff." *H.E.B.,* 369 S.W.3d at 507.

81. Defendants have or had possession of money which belongs to Plaintiff and the Class Members in good conscience.

82. Defendants' failure to pay money to Plaintiff and the Class Members violated the law and harmed Plaintiff and the Class Members.

## VIII. CLASS ACTION ALLEGATIONS

83. Plaintiff brings state law claims for breach of contract, quantum meruit, and money had and received under Texas common law as a class action under Rule 23 of the Federal Rules of Civil Procedure.

84. Plaintiff proposes an initial definition of the Class Members as:

**All hourly-paid recruiters who worked at TrueBlue and/or PeopleScout in the State of Texas at any time during the four years preceding the filing of this action through class certification whose pay was docked by application of a meal break deduction to their shifts worked in weeks in which they worked 40 or fewer hours (the "Texas Class").**

85. Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

86. <u>Numerosity (Fed. R. Civ. P. 23(a)(1)).</u> The Texas Class is so numerous that joinder is impracticable. On information and believe, the Texas Class exceeds 40 members.

87. <u>Commonality (Fed. R. Civ. P. 23(a)(2)).</u> Common questions of law and fact exist as to the Texas class, including but not limited to the following:

   a. whether agreements existed pursuant to which Defendants were to pay an hourly wage to Plaintiff and to members of the class for each hour of their work;

   b. whether Defendants failed to pay Plaintiff and members of the class for all hours worked as a result of Defendants' requirement that Plaintiff and members of the class work "off-the-clock" without compensation;

   c. whether Defendants engaged in a continuing policy, pattern or practice of failing to pay Plaintiff and the class members for all hours worked;

   d. whether Defendants breached and continue to breach the employment agreements between them and the Plaintiff and the Texas Class; and

  e. whether Defendants are liable for damages claimed hereunder, including but not limited to unpaid time worked, attorneys' fees and costs.

88. <u>Typicality (Fed. R. Civ. P. 23(a)(3))</u>. Plaintiff's claims are typical of those of the putative Texas Class. Plaintiff, like other Texas Class Members, was subject to the same policy/practice of requiring work to be performed "off-the-clock." Plaintiff's job duties and claims are typical of those of the putative Texas Class.

89. <u>Adequacy (Fed. R. Civ. P. 23(a)(4))</u>. Plaintiff will fairly and adequately represent and protect the interests of the putative Texas Class.

90. <u>Adequacy of Representation (Fed R. Civ. P. 23(g))</u>. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking back pay, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative Texas Class Members.

91. <u>Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))</u>. Class certification of the Texas State Law Claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative Texas Class predominate over any questions affecting only individual members of the putative Texas Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies or practices unlawfully failed to compensate members of the putative Texas Class.

92. <u>Ascertainability</u> – The identity of the members of the Texas Class is readily ascertainable based on Defendants' records.

93. <u>Notice (Fed. R. Civ. P. 23(c)(2)(B))</u>. Plaintiff intends to send notice of this lawsuit to all Texas Class Members to the extent provided by Rule 23.

## IX. JURY DEMAND

94. Plaintiff demands a jury trial.

## X. DAMAGES AND PRAYER

95. Plaintiff asks that the Court issue summonses for Defendants to appear and answer, and that Plaintiff and the putative Collective Action Members and Class Members be awarded a judgment against Defendants or order(s) from the Court for the following:

   a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

   b. All damages allowed by the FLSA and any other applicable laws, including back wages;

   c. Liquidated damages in an amount equal to FLSA-mandated back wages;

   d. Legal fees;

   e. Costs;

   f. Post-judgment interest;

   g. All other relief to which Plaintiff and the putative Collective Action Members and Class Members may be justly entitled.

DATED: April 17, 2025.

BRESKIN JOHNSON & TOWNSEND, PLLC

/s Cynthia J. Heidelberg
Cynthia J. Heidelberg, WSBA # 44121
600 Stewart Street, Suite 901
Seattle, WA 98101
(206) 652-8660 Fax (206) 652-8290
cheidelberg@bjtlegal.com

WAGE AND HOUR FIRM

Ricardo J. Prieto (to be admitted PHV)
Texas State Bar No. 24062947
Melinda Arbuckle (to be admitted PHV)
Texas State Bar No. 24080773
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
(214) 489-7653 – Telephone
(469) 319-0317 – Facsimile
rprieto@wageandhourfirm.com
marbuckle@wageandhourfirm.com

*ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS AND CLASS MEMBERS*

CONSENT TO BECOME PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages, liquidated damages, and all other available damages ("damages") in the case in which this consent is filed. I further acknowledge that this consent is intended to be filed to recover damages against Defendant and all entities and/or individuals that may be employers, joint employers, and/or jointly liable with Defendant in any action or proceeding that may be filed on my behalf for such recovery, and that this consent may be used or refiled in any such case or proceeding as necessary to the maximum extent allowed by law. I agree to be the named plaintiff and/or one of the named plaintiffs and a representative of the class/collective action members in this case. I agree to make decisions on behalf of any and all class/collective action members as to the method and manner of conducting the case including settlement, entering into an agreement with counsel regarding the payment of attorney's fees and costs, and all other matters pertaining to the action or proceeding. For purposes of pursuing damages, I choose to be represented by the law firm of Wage and Hour Firm, and any other attorneys or law firms with which they choose to associate.

Date: 04/02/25          Signature: *Thea De Jesus Figueroa*
                                   Thea De Jesus Figueroa (Apr 2, 2025 15:30 CDT)

                        Printed Name: Thea De Jesus Figueroa

**EXHIBIT 1**