UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THEA JESUS FIGUEROA,

Plaintiff,

v.

TRUE BLUE, INC., and
PEOPLESCOUT, INC.,

Defendants.

CASE NO. C25-5329 BHS

ORDER

THIS MATTER is before the Court on Defendants True Blue and PeopleScout's 28 U.S.C. § 1404 motion to transfer venue to the Eastern District of Texas. Dkt. 23.

This is a wage and hour putative class action. Dkt. 1. Plaintiff Thea Jesus Figueroa's operative complaint asserts that she is a resident of Collin County, Texas. She alleges she is an hourly employee of both defendants, TrueBlue, Inc., and its corporate subsidiary, PeopleScout, Inc. She works from home as a recruiter. Dkt. 1. She alleges True Blue is a Washington corporation based in Tacoma, and that PeopleScout is a Delaware corporation based in Chicago. She asserts federal claims under the federal Fair Labor Standards Act (FLSA), and asserts the Court has supplemental jurisdiction under

ORDER - 1

28 U.S.C. § 1367(c) over her Texas state law claims for breach of contract, quantum meruit and unjust enrichment. Dkt. 1.

Figueroa seeks to represent a class she defines as:

**All hourly-paid recruiters who worked at TrueBlue and/or PeopleScout in the State of Texas at any time during the four years preceding the filing of this action through class certification whose pay was docked by application of a meal break deduction to their shifts worked in weeks in which they worked 40 or fewer hours (the "Texas Class").**

Dkt. 1 at 14.

Defendants ask the Court to transfer the case to the Eastern District of Texas, where the plaintiff lived and worked for PeopleScout, not TrueBlue. Dkt. 23 at 2. They contend and demonstrate that Figueroa does not and has not ever worked for TrueBlue. Dkt. 24. Figueroa alleges she now lives in Oklahoma, but her claims relate to wages she contends she was not paid while living and working in Texas. Defendants contend that eight PeopleScout recruiters have opted into this litigation, and none of them have worked or live in Washington. They argue that none of the evidence or witnesses are in Washington, and that the litigation would be less expensive and more efficient in centrally located Texas. They also emphasize that Figueroa asserts three Texas state law claims and a Texas class. Dkt. 23.

Transfer is proper when (1) the district where the moving party attempts to transfer is a "district or division in which it could have been brought" and (2) it is done "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a). The purpose of transfer is to prevent the waste "of time, energy and money," and "to protect litigants, witnesses, and the public against unnecessary inconvenience and

expense … and promotes the interest of justice." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964) (citing *Continental Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26, 27, 80 (1960)).

The Court weighs eight factors to determine whether to transfer a case to another district:

(1)    The location where the relevant agreements were negotiated and executed;
(2)    The **state that is most familiar** with the governing law;
(3)    The **plaintiff's choice** of forum;
(4)    The respective parties' **contacts with the forum**
(5)    The contacts relating to the **plaintiff's cause of action in the chosen forum;**
(6)    The differences in the **cost of litigation** in the two forums;
(7)    The availability of **compulsory process** to compel attendance of unwilling non-party witnesses; and
(8)    The ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (emphasis added to delineate factors at issue here).

If present, a forum-selection clause or the forum state's public policy are also "significant factors" in the Court's §1404(a) analysis. *Id.* The moving party has the burden of showing that the balance of convenience of parties and the interest of justice weighs heavily in favor of transfer to overcome the strong presumption in favor of the plaintiffs' choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 234, 255 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

Defendants contend that Figueroa Worked for PeopleScout, not TrueBlue, and that the events of which she complains happened in Texas, not Washington. It argues that

Figueroa's conclusory claim that she was "jointly employed" by PeopleScout and TrueBlue is unsupported by factual allegations supporting such a conclusion. It asserts the case and the parties have no meaningful connection to this jurisdiction, and that the case belongs in Texas.

Figueroa alleges that she works for TrueBlue as well as PeopleScout, pointing primarily to functionally identical putative class members' declarations stating they worked for both companies and that TrueBlue "had the power to hire and fire recruiters." Dkt. 31 at Exs. 1–10.[1] She emphasizes that the plaintiff's choice of forum must be respected and that defendants have not identified any third party witnesses outside of Washington. She also accuses defendants of forum shopping. Dkt. 30 at 3. Figueroa also asserts that she withdrew her wage claim with the Texas Workforce Commission (TWC) and that defendants' assertion—that she filed such a claim, that it appeared to overlap with her claims in this case, and that (while it disputed her claim) it paid the TWC claim in full, Dkt. 25 at 2—is a "dishonest" misrepresentation. Dkt. 30 at 5. She asserts she withdrew the claim, but concedes she filed it, against her employer, PeopleScout, and not against TrueBlue. *See* Dkt. 31 at 227.

Figueroa argues that PeopleScout's corporate parent, TrueBlue, is her "vertical joint employer" under the FLSA. Dkt. 30 at 9. She asks the Court to employ the "economic realities" test, which considers whether the alleged employer (TrueBlue): (1)

---

[1] Defendants ask the Court to strike these declarations as without factual support, conclusory and speculative. They also assert that eight of the ten are not in the class because they signed arbitration or separation agreements. Dkt. 34 at 2. Court will not strike the Declarations but for these reasons they are not persuasive.

ORDER - 4

had the power to hire and fire employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. Dkt. 30 at 9–10 (citing *Maddock v. KB Homes, Inc.*, 631 F.Supp.2d 1226, 1233 (C.D.Cal.2007) (quoting *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir.1983)).

The Court agrees that Figueroa has not established that TrueBlue had the power to hire or fire her, or supervised or controlled her work schedule or the conditions of her employment.

Figueroa alleges she used "TrueBlue.com" email addresses, Dkt. 31 at 5–6, the evidence she attaches demonstrates she did not. Instead, the evidence shows repeatedly that her email was "Tdejesusfigueroa@PeopleScout.com." *See* Dkt. 31 at 8–15; *see also* Defendants' reply, Dkt. 34 at 3–4 (the other two individuals Figueroa claims had TrueBlue email addresses also used PeopleScout email addresses). Figueroa has no evidence that TrueBlue had any control over her job, her wages, her hours or her working conditions. The only evidence in the case is to the contrary. *See* Gagne Decl., Dkt. 37.

Furthermore, defendants correctly contend that Figueroa's primary authority, *Radford v. Telekenex, Inc.*, No. C10-812RAJ, 2011 WL 3563383 (W.D. Wash. Aug. 15, 2011), does not establish that a parent company is a vertical joint employer. Instead, in the different, broader context of employment discrimination, it evaluated whether the parent and subsidiary were a "single employer." Dkt. 34 (citing *Radford* at *3 and n.7). It concluded that they were not, where they maintained separate operations, corporate taxes, and independent control over hiring, firing, supervision, and working conditions, even

ORDER - 5

where they had some overlap in ownership and management. *Id*. Figueroa has not provided evidence or authority for the Court to conclude that True Blue was plausibly her employer.

Finally, Figueroa also offers to abandon her Texas claims, thus neutralizing the factor that Texas Courts are better-positioned to adjudicate such claims. Dkt. 30 at 18. But such an offer comes too late. Figueroa's primary argument against transfer is that she chose this forum. She also chose the claims to assert, and they are part of the Court's analysis.

Figueroa's unsupported claim that she was employed by TrueBlue is the only connection this jurisdiction has to the case. None of the remaining § 1404 factors point to this jurisdiction; they instead strongly suggest this is not an appropriate forum. A Texas state law class action brought by an employee who lived in Texas when the claim arose should generally be heard in Texas. "Forum shopping" is not one of the factors, but if there is any of that in this case, it is on the Plaintiff's side.

Defendants' motion to transfer venue, Dkt. 23, is **GRANTED**. The clerk shall **TRANSFER** the case to the Eastern District of Texas, Sherman Division, and close this case. Figueroa's motion to certify, Dkt. 41 is **DENIED** without prejudice to re-file in that Court.

**IT IS SO ORDERED**.

//

//

//

ORDER - 6

Dated this 29th day of June, 2026.

BENJAMIN H. SETTLE
United States District Judge